***E-FILED - 9/8/09***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL D. O'HAIRE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NAPA STATE HOSPITAL, et. al.,<br><br>　　　　Defendants. | No. C 09-2508 RMW (PR)<br><br>ORDER OF PARTIAL DISMISSAL; DISMISSAL WITH LEAVE TO AMEND; DIRECTING PLAINTIFF TO FILE PROOF OF SERVICE<br><br>(Docket Nos. 3, 6) |

　　　　Plaintiff, a state prisoner[1] proceeding pro se, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983, the Americans With Disabilities Act ("ADA"), and Title VII of the Civil Rights Act, concerning the conditions of his confinement at Napa State Hospital.  Plaintiff has paid the filing fee.  For reasons stated below, the court will DISMISS the civil rights claims against Napa State Hospital, DISMISS the complaint with leave to amend, and direct plaintiff to file proof of service on defendants.

**DISCUSSION**

**A.　Standard of Review**

　　　　Federal courts must engage in a preliminary screening of cases in which prisoners seek

---

[1] On August 26, 1999, plaintiff was admitted to Napa State Hospital ("NSH") pursuant to California Penal Code § 1026, based upon a finding of not guilty by reason of insanity in Alameda Superior Court.

redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Cognizable Claims**

**1.    Medical Needs**

Plaintiff alleges that defendants Napa State Hospital, Ed Foulk, Linda Howard, Dr. Chow, Debbie Weakley, Disability Rights California, Susan Kessler, and Michael Hanson violated his federal right to receive humane medical care and treatment. Plaintiff describes his various ailments, including chronic pain, that have gone untreated despite repeated complaints.

Liberally construed, plaintiff has alleged a cognizable claim of inadequate medical care and treatment, deliberate indifference, and a violation of the state's affirmative duty of care under the Eighth and Fourteenth Amendments.

However, Napa State Hospital is an agency of a state and, therefore, not a "person" for purposes of civil rights actions. See Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not persons within meaning of Civil Rights Act); Bennett v. California, 406 F.2d 36, 39 (9th Cir. 1969) (California Adult Authority and California Department of Corrections not persons within meaning of Civil Rights Act). Accordingly, the civil rights claims against Napa State Hospital are DISMISSED with prejudice.

**2.    Work Claims**

Plaintiff alleges defendants Napa State Hospital, Ken White, Kathy Zapata, Mary Heinricher, and Amanda Copple failed to provide reasonable accommodations at Our Cafe for

1  plaintiff's physical disability.  Plaintiff also alleges that he was suspended from work and
2  otherwise disciplined for requesting reasonable accommodations and stating his intent to file
3  claims before the administrative office, Equal Employment Opportunity Commission, and this
4  court.
5        Liberally construed, plaintiff has alleged cognizable claims of a failure to provide
6  reasonable accommodations, in violation of the ADA, and retaliation for his opposition to
7  unlawful employment practices, in violation of Title VII of the Civil Rights Act of 1964.
8  **D.    Plaintiff's Remaining Claims**
9        Plaintiff alleges that the court should exercise supplemental jurisdiction over his related
10 state claims.  Although "district courts shall have supplemental jurisdiction over all other claims
11 that are so related to claims in the action within such original jurisdiction that they form part of
12 the same case or controversy under Article III of the United States Constitution," 28 U.S.C. §
13 1367(a), it is unclear from plaintiff's 73-page complaint exactly what his state law allegations
14 are.  In addition, plaintiff appears to also claim a violation of the Equal Protection Clause, but
15 again, such a claim is unclear from the complaint.  Accordingly, the court will grant plaintiff
16 leave to amend to allege any pendent state law claims and equal protection claims, if he can do
17 so in good faith.
18       Plaintiff shall bear in mind that a complaint that fails to state the specific acts of the
19 defendant which violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of
20 the Federal Rules of Civil Procedure.  <u>Hutchinson v. United States</u>, 677 F.2d 1322, 1328 n.5 (9th
21 Cir. 1982).  District courts must afford pro se prisoner litigants an opportunity to amend to
22 correct any deficiency in their complaints.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-27 (9th Cir.
23 2000) (en banc).
24       In this case, plaintiff's complaint fails to provide a short and plain statement regarding
25 these remaining claims, including the conduct of each individual defendant that he asserts is
26 responsible for a constitutional violation.  Plaintiff must specifically identify what each named
27 defendant did or did not do in order to state a claim with regard to each separate claim.  Plaintiff
28 must establish legal liability of each person for the claimed violation of his rights.  Liability may

1  be imposed on an individual defendant under section 1983 if the plaintiff can show that the

2  defendant proximately caused the deprivation of a federally protected right.  See Leer v.

3  Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  Sweeping conclusory allegations will not suffice;

4  the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation

5  of protected rights.  Id.

6       Plaintiff will be given leave to amend the complaint to cure these deficiencies.

7  Accordingly, the court grants plaintiff leave to file an amended complaint **within thirty (30)**

8  **days** of the date this order is filed, to address the deficiencies set forth above.  In the alternative,

9  plaintiff may file a notice with the court stating that he intends to proceed with the cognizable

10 claims in the original complaint.  Because an amended complaint completely replaces the

11 original complaint, plaintiff must include in it all the claims he wishes to present.  See Ferdik v.

12 Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

13 **E.     Service**

14      Plaintiff states that he has served all defendants with the exception of Kathy Zapata,

15 Amanda Copple, and Mary Heinricher.  Plaintiff declares that he does not know the whereabouts

16 of these defendants and requests that the court issue the summons to those three remaining

17 defendants.

18      However, as plaintiff is not proceeding in forma pauperis in this action, he may not rely

19 on the United States Marshal or the officers of the court for service.  Cf. 28 U.S.C. § 1915(d);

20 Fed. R. Civ. P. 4(c)(2).  Consequently, plaintiff is responsible for service all of the defendants

21 against whom cognizable claims for relief have been found; no defendant has made an

22 appearance in this action, however, and there is no indication in any of the papers filed herein

23 that any defendant has been served with the summons and complaint in accordance with the

24 Federal Rules of Civil Procedure.

25      Plaintiff shall bear in mind that Rule 4(m) of the Federal Rules of Civil Procedure require

26 service of the summons and complaint upon defendants within 120 days after the filing of the

27 complaint.  Fed. R. Civ. P. 4(m).  Failure to do so may result in dismissal of the action without

28 prejudice as to that defendant.

Accordingly, plaintiff's motion for issuance of the summons is DENIED. **By October 5, 2009**, plaintiff is directed to provide the court with proof of service of the summons and complaint on all defendants or show good cause why the unserved defendants should not be dismissed. See Fed. R. Civ. P. 4(l), 4(m). Failure to comply by October 5, 2009 will result in the dismissal of the unserved defendants.

## CONCLUSION

1. Civil rights claims against defendant Napa State Hospital are DISMISSED with prejudice.

2. Plaintiff's complaint is DISMISSED with leave to amend, as indicated above. Plaintiff shall file an amended complaint **within thirty (30) days** from the date this order is filed. In the alternative, plaintiff may file a notice with the court stating that he intends to proceed with the cognizable claims in the original complaint.

An amended complaint must include the caption and civil case number used in this order (C 09-2508 RMW (PR)) and the words "AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the original complaint, such as supporting documentation or exhibits, by reference. Plaintiff must include all of his claims, including the cognizable claims set forth above, in the amended complaint. **Failure to file an amended complaint or file a notice with the court in compliance with this order will result in the court proceeding with the cognizable claims in the original complaint as stated in this order.**

3. Plaintiff's motion to issue the summons is DENIED. (Docket No. 6.) Plaintiff is directed to file proof of service on defendants **on or before October 5, 2009** or show good cause for the failure. **Failure to comply by October 5, 2009 will result in dismissal of the unserved defendants.**

4. Plaintiff's motion to relate the case to C 07-0002 RMW is DENIED as moot. (Docket No. 3.) The court has already related this case to C 07-0002 RMW. (Docket No. 4.)

1         5.      It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the
2  court informed of any change of address by filing a separate paper with the clerk headed "Notice
3  of Change of Address." Plaintiff must comply with the court's orders in a timely fashion or ask
4  for an extension of time to do so. Failure to comply may result in the dismissal of this action
5  pursuant to Federal Rule of Civil Procedure 41(b).
6         This order terminates docket nos. 3 and 6.
7         IT IS SO ORDERED.
8  DATED:  9/4/09                              *Ronald M. Whyte*
                                               RONALD M. WHYTE
9                                              United States District Judge