*E-FILED - 10/13/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL D. O'HAIRE,<br><br>  Plaintiff,<br><br> v.<br><br>NAPA STATE HOSPITAL, et. al.,<br><br>  Defendants. | No. C 09-2508 RMW (PR)<br><br>ORDER OF PARTIAL DISMISSAL;<br>GRANTING EXTENSION OF TIME<br>TO SERVE DEFENDANTS<br><br>(Docket No. 11) |

Plaintiff, proceeding pro se, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983, the Americans With Disabilities Act ("ADA"), and Title VII of the Civil Rights Act, concerning the conditions of his confinement at Napa State Hospital. Plaintiff has paid the filing fee. On September 8, 2009, the court reviewed the complaint pursuant to 28 U.S.C. § 1915A, and found three of the claims, when liberally construed, to be cognizable. The court dismissed defendant Napa State Hospital with prejudice. The court also dismissed plaintiff's state claims and equal protection claim with leave to amend. Plaintiff has also requested the court issue summons and an extension of time to serve defendants, both of which the court addresses below.

**DISCUSSION**

A.   Claims

In the September 8, 2009 order, the court dismissed plaintiff's claim for equal protection

and his state law claims with leave to amend. In response, plaintiff submitted a letter, filed September 30, 2009, indicating that he wishes to withdraw those claims and proceed with the cognizable claims found by the court. Accordingly, plaintiff's claims of equal protection and under state law are hereby DISMISSED. This matter shall proceed based on the following claims found cognizable in the September 8, 2009 order, to wit: (1) that defendants Ed Foulk, Linda Howard, Dr. Chow, Debbie Weakley, Disability Rights California, Susan Kessler, and Michael Hanson provided him inadequate medical care and treatment, were deliberately indifferent, and violated their affirmative duty of care under the Eighth and Fourteenth Amendments; (2) that defendants Ken White, Kathy Zapata, Mary Heinricher, and Amanda Copple failed to provide reasonable accommodations at Our Cafe for plaintiff's physical disability, in violation of the Americans with Disabilities Act; and (3) that defendants Ken White, Kathy Zapata, Mary Heinricher, and Amanda Copple retaliated against him for his opposition to unlawful employment practices, in violation of Title VII of the Civil Rights Act of 1964.

B.     Service of Defendants[1]

Plaintiff requests the clerk to sign, stamp and return a blank summons to him so that he may fill in the names of each defendant and serve them. Pursuant to Rule 4(b), plaintiff must first complete the summons before the clerk must sign, seal, and issue it back to the plaintiff. Fed. R. Civ. P. 4(b).

Rather than completing a separate summons for each defendant, however, plaintiff may complete one summons with an attached page listing all defendants. Accordingly, upon completing the summons and attached page listing all defendants, plaintiff must return the original and one copy to the clerk of the court, together with the return envelope bearing plaintiff's address. The clerk will then issue the summons and return it to plaintiff. Plaintiff is responsible for making enough copies of the issued summons and complaint to serve on each defendant.

---

[1] As plaintiff has paid the filing fee, and is not proceeding in forma pauperis, he is responsible for effectuating service of the summons and complaint. See 28 U.S.C. § 1915(d).

C.   Extension of Time

Finally, plaintiff asks for an extension of time in which to serve defendants Zapata, Heinricher, and Copple. In light of the time plaintiff may need to comply with Rule 4(b), the court sua sponte extends the time for service for all defendants. Accordingly, no later than sixty (60) days from the date of this order, plaintiff shall provide the court with proof that all defendants have been properly served in accordance with the Federal Rules of Civil Procedure, or otherwise show cause why the complaint should not be dismissed without prejudice as to each unserved defendant pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**CONCLUSION**

1.   Plaintiff's equal protection and state law claims are DISMISSED.

2.   Plaintiff's request for an extension of time in which to serve defendants is GRANTED. Plaintiff shall provide proof of service no later than **sixty (60) days** from the date of this order.

3.   It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." Plaintiff must comply with the court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

This order terminates Docket No. 11.

IT IS SO ORDERED.

DATED: 10/13/09

_____
RONALD M. WHYTE
United States District Judge