*E-FILED - 3/25/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL D. O'HAIRE,<br><br>        Plaintiff,<br><br>   v.<br><br>NAPA STATE HOSPITAL, et. al.,<br><br>        Defendants. | No. C 09-2508 RMW (PR)<br><br>ORDER ADDRESSING PENDING MOTIONS<br><br>(Docket Nos. 19, 26, 27) |

      Plaintiff, a Napa State Hospital patient[1] proceeding pro se, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983, the Americans With Disabilities Act ("ADA"), and Title VII of the Civil Rights Act, concerning the conditions of his confinement at Napa State Hospital.  Pending before the court are plaintiff's motion to reconsider the dismissal of Napa State Hospital, plaintiff's motion to voluntarily dismiss several defendants, plaintiff's motion for issuance of a discovery order, plaintiff's motion for an extension of time to serve defendants Kathy Zapata and Amanda Copple, and defendants' motion to dismiss.  The court addresses the motions below.

///

---

[1] On August 26, 1999, plaintiff was admitted to Napa State Hospital ("NSH") pursuant to California Penal Code § 1026, based upon a finding of not guilty by reason of insanity in Alameda Superior Court.

A.   <u>Motion to reconsider dismissal of Napa State Hospital</u>

Plaintiff requests that the court reconsider its dismissal of Napa State Hospital as a defendant to plaintiff's ADA claim. A review of the court's records shows that the court's September 8, 2009 order of partial dismissal included Napa State Hospital as proper a defendant to plaintiff's ADA claim. However, the court inadvertently omitted Napa State Hospital from its list of defendants in its October 13, 2009 order of partial dismissal. Accordingly, plaintiff's motion to reconsider is GRANTED. Napa State Hospital continues to be a proper defendant to plaintiff's ADA claim.

B.   <u>Motion of voluntary dismissal</u>

Plaintiff moves to voluntarily dismiss defendants Disability Rights California, Susan Kessler, and Michael Hanson from this action. Plaintiff's motion is GRANTED. Defendants Disability Rights California, Susan Kessler, and Michael Hanson are DISMISSED.

C.   <u>Motion for issuance of discovery order</u>

Plaintiff moves the court to grant him leave to initiate limited discovery. In plaintiff's related civil rights action, case number C 07-0002 RMW (PR), the court ordered limited discovery. Plaintiff's motion is GRANTED in part. At this time, the court will issue the same limitation ordered in C 07-0002 RMW (PR). Accordingly, <u>once defendants are served</u>, the parties may take discovery in accordance with the Federal Rules of Civil Procedure limited at this point to 10 interrogatories per side and a narrowly tailored request for production of documents. The court will consider further discovery requests upon application of a party.

D.   <u>Motion for extension of time to serve Kathy Zapata and Amanda Copple</u>

Plaintiff's motion for an extension of time to serve Kathy Zapata and Amanda Copple is GRANTED. Although not mentioned, the court notes that defendant Mary Heinricher has also not be served. Accordingly, the court will allow plaintiff additional time to serve her as well. Accordingly, no later than <u>sixty</u> <u>days</u> from the date of this order, plaintiff shall provide the court with proof that all defendants have been properly served in accordance with the Federal Rules of Civil Procedure, or otherwise show cause why the complaint should not be dismissed without prejudice as to each unserved defendant pursuant to Rule 4(m) of the Federal Rules.

E.   Defendants' motion to dismiss

Defendants Dr. Chow, Ed Foulk, Linda Howard, Debbie Weakley, and Ken Wright specially appear and move to dismiss all claims for relief under Federal Rule of Civil Procedure 12(b)(5) on the grounds of insufficient service of process. Alternatively, defendants move for an order quashing any service of process. Plaintiff responds that the court should find that in light of his financial condition and confinement, he constructively served the defendants by placing the appropriate papers in an envelope and having a fellow patient send each packet via institutional mail to each defendant. Plaintiff argues that he made a good faith effort to comply with the requirements of Rule 4(e)(2) and thus, the court should deny the motion.

A court cannot exercise jurisdiction over a defendant without proper service of process. See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987); Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4").

Insufficient service of process may result in dismissal under Federal Rule of Civil Procedure 12(b)(5). When a defendant challenges service, the plaintiff bears the burden of establishing its sufficiency. See Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004). Sufficiency of process is determined by Rule 4. See Employee Painters' Trust v. Ethan Enters., Inc., 480 F.3d 993, 999 (9th Cir. 2007). Rule 4 is a flexible rule that should be liberally construed. United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984).

"However, neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction absent 'substantial compliance with Rule 4.'" Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986) (citation omitted). "So long as a party receives sufficient notice of the complaint, Rule 4 is to be liberally construed to uphold service," assuming substantial compliance with Rule 4. Travelers Casualty v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) (internal quotations omitted). "Sufficient service may be found where there is a good faith effort to comply with Rule 4(e)(2) which has resulted in placement of the summons and complaint

1 within the defendant's immediate proximity and further compliance with Rule 4(e)(2) is
2 prevented only by the defendant's knowing and intentional actions to evade service. <u>Id.</u> at 1136.
3   Rule 4(c)(2) of the Federal Rules of Civil Procedure provides that: "Any person who is at
4 least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2).
5 Service may occur by: "(A) delivering a copy of the summons and of the complaint to the
6 individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of
7 abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of
8 each to an agent authorized by appointment or by law to receive service of process." <u>See</u> Fed. R.
9 Civ. P. 4(e)(2). Service may also be effectuated by any manner allowed by state law. <u>See</u> Fed.
10 R. Civ. P. 4(e)(1).
11   Plaintiff concedes that his method of service was not proper under federal or state law but
12 insists that he tried to comply with Rule 4 in good faith. Even assuming that plaintiff attempted
13 to serve defendants in good faith, however, plaintiff has not demonstrated "substantial
14 compliance" with Rule 4. <u>See</u> <u>Travelers Casualty</u>, 551 F.3d at 1135. Accordingly, the court
15 finds that defendants have not been properly served.
16   Where service of process is insufficient, the court has the option of dismissing the action
17 or quashing the service and retaining the case. <u>Montalbano v. Easco Hand Tools, Inc.</u>, 766 F.2d
18 737, 740 (2d Cir. 1985). "Generally service will be quashed in those cases in which there is a
19 reasonable prospect that the plaintiff will be able to serve the defendant properly." <u>Wishart v.
20 Agents for Int'l Monetary Fund I.R.S.</u>, No. 95-20178, 1995 WL 494586, at *2 (N.D. Cal. Aug.
21 14, 1995) (citing C. Wright & A. Miller, Federal Practice and Procedure (1990) § 1354, at 289;
22 <u>Umbenhauer v. Woog</u>, 969 F.2d 25, 30 (3rd Cir. 1992) ("the district court should, at most, quash
23 service, leaving the plaintiffs free to effect proper service" in instances where a reasonable
24 prospect of proper service exists). Here, although plaintiff did not properly serve his complaint
25 and summons pursuant to federal or California law, there appears to be a reasonable prospect
26 that plaintiff will serve defendants properly. Thus, the court QUAHSES service of process on
27 defendants and will grant plaintiff one more opportunity to properly serve defendants.
28   The court notes that plaintiff's complaint has been pending for over 120 days, and thus,

Order Addressing Pending Motions
P:\PRO-SE\SJ.Rmw\CR.09\OHaire508misc2.wpd    4

absent a showing of "good cause," is subject to dismissal without prejudice as to the unserved defendants.  See Fed. R. Civ. P. 4(m).  Failure to do so may result in dismissal of the action without prejudice as to that defendant.  **Within sixty days** of the date of this order, plaintiff is directed to provide the court with proof of service of the summons and complaint on **all defendants** or show good cause why the unserved defendants should not be dismissed.  See Fed. R. Civ. P. 4(l), 4(m).  Failure to comply in a timely manner will result in the dismissal of the unserved defendants.

## CONCLUSION

1.  Plaintiff's motion to reconsider the dismissal of Napa State Hospital is GRANTED in part.   Napa State Hospital continues to be a proper defendant to plaintiff's ADA claim.

2.  Plaintiff's motion to voluntarily dismiss defendants Disability Rights California, Susan Kessler, and Michael Hanson from this action.  Plaintiff's motion is GRANTED.  Defendants Disability Rights California, Susan Kessler, and Michael Hanson are DISMISSED.

3.  Plaintiff's motion for limited discovery is GRANTED in part.  Once defendants are served, the parties may take discovery in accordance with the Federal Rules of Civil Procedure limited at this point to 10 interrogatories per side and a narrowly tailored request for production of documents.

4.  Plaintiff's motion for an extension of time to serve Kathy Zapata and Amanda Copple is GRANTED.  Defendants' motion to dismiss for insufficient service is DENIED.  Defendants' motion to quash service of process is GRANTED.

**Within sixty days** of the date of this order, plaintiff is directed to provide the court with proof of service of the summons and complaint on **all defendants** or show good cause why the unserved defendants should not be dismissed.  See Fed. R. Civ. P. 4(l), 4(m).  **Failure to comply in a timely manner will result in the dismissal of the unserved defendants.**

5.  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  Plaintiff must comply with the court's orders in a timely fashion or ask

1  for an extension of time to do so.  Failure to comply may result in the dismissal of this action
2  pursuant to Federal Rule of Civil Procedure 41(b).
3        This order terminates docket nos. 19, 26, and 27.
4        IT IS SO ORDERED.
5  DATED:  3/24/10

   *Ronald M. Whyte*
   RONALD M. WHYTE
6  United States District Judge