***E-FILED - 10/6/10***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL D. O'HAIRE,  ) | No. C 09-2508 RMW (PR) |
| )  Plaintiff,  ) | ORDER ADDRESSING PENDING MOTIONS |
| v.  ) | |
| )  NAPA STATE HOSPITAL, et. al.,  ) | (Docket Nos. 39, 40, 41, 52, 53, 54, 58 and 62) |
| )  Defendants.  ) | |

On June 5, 2009, plaintiff, a Napa State Hospital patient[1] proceeding pro se, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983, the Americans With Disabilities Act ("ADA"), and Title VII of the Civil Rights Act, concerning the conditions of his confinement at Napa State Hospital.

Pending before the court are plaintiff's ex parte motion for an enlargement of time to effect service of summons, complaint and related papers; plaintiff's motion for enlargement of time in which to serve summons and complaint upon defendants; defendants' motion to dismiss; plaintiff's ex parte motion for issuance of preliminary injunction; plaintiff's motion for recovery of costs to serve summons and complaint; defendants' motion to quash service; plaintiff's

---

[1] On August 26, 1999, plaintiff was admitted to Napa State Hospital ("NSH") pursuant to California Penal Code § 1026, based upon a finding of not guilty by reason of insanity in Alameda Superior Court.

motion for preliminary and permanent injunctive relief; and an additional request by plaintiff for an enlargement of time in which to serve the summons and complaint.

A.  **Plaintiff's Motion for Enlargement of Time to Serve Summons and Complaint / Defendants' Motion to Dismiss**

Defendants move to dismiss all claims for relief on the ground that plaintiff "has continuously failed to meet statutory and court-imposed deadlines for serving defendants." Plaintiff responds that he has attempted service in good faith and all requests for extensions of time were warranted. Defendants respond that plaintiff has failed to show good cause for failing to timely serve defendants and, moreover, that the court should consider potential prejudices in plaintiff's failure to serve defendants after more than one year since the filing of this action.

On October 19, 2009, the court granted plaintiff's request for an extension of time in which to serve defendants. Plaintiff was to serve defendants within sixty days from the filing date of the order. Plaintiff attempted service on January 5, 2010 by placement of the summons and complaint in institutional mail addressed to defendants Howard, Wright, Chow, Weakley, and Foulk. On March 25, 2010, the court granted defendants' motion to quash service, denied defendants' motion to dismiss, and granted plaintiff another extension of time in which to serve defendants. The court ordered plaintiff to serve the defendants within sixty days from the filing date of the order. On May 6, 2010, prior to the deadline date set by the court, plaintiff filed a motion for enlargement of time to effect the service of summons. Plaintiff alleged that he had recently retained a process server and learned that the firm required two sets of copies for the firm. Further, plaintiff alleged that although the court issued its order on March 25, 2010, he did not receive it until thirty days thereafter. On June 9, 2010, plaintiff filed another motion for an extension of time alleging that he was continuing to be diligent in obtaining appropriate addresses and requested an additional thirty days. On June 22, 2010, proofs of service were filed by Gotcha Subpoena Services, the company retained by plaintiff to effect service, purportedly showing service on June 8, 2010 on an office technician as substitute service on defendants Chow, Napa State Hospital, Howard, Wright, and Weakley. On August 17, 2010 plaintiff filed another request for an extension of time to effect service of the summons and complaint stating

1    that he did not learn that Napa State Hospital had an agent for service of process until after the
2    process server he hired had left copies of the summons and complaint with the office technician
3    who was not authorized to accept service.  On September 16, 2010 new proofs of service were
4    filed as to defendants Howard, Weakley, Napa State Hospital and Wright reflecting service on
5    Deborah Moore, as agent for service of process..

6    Rule 4(m) expressly requires a district court to grant an extension of time when the
7    plaintiff shows "good cause" for the delay.  Efaw v. Williams, 473 F.3d 1038, 1040 (9th Cir.
8    2007).  At a minimum, "good cause" means excusable neglect.  Boudette v. Barnett, 923 F.2d
9    754, 756 (9th Cir. 1991).  A plaintiff may be required to show that the party to be served
10   received actual notice, the defendant would suffer no prejudice and that plaintiff would be
11   severely prejudiced if his complaint were dismissed.  *Id.*  Some courts have suggested that a
12   certain degree of leniency should be afforded *pro se* plaintiffs to ensure their cases are justly
13   resolved on the merits rather than on the basis of technicalities.  See Poulakis v. Amtrak, 139
14   F.R.D. 107, 109 (N.D. Ill. 1991).  The Ninth Circuit has held that the district court may grant an
15   extension of time for service of process even in the absence of a showing of good cause for
16   delay.  Efaw v. Williams, 473 F.3d at 1040.

17   Here, plaintiff's showing of good cause is at best marginal.  However, the court exercises
18   its discretion and will consider the time for service extended through August 31, 2010.  If the
19   services made by that date are not valid, the claims against defendants will be subject to
20   dismissal for plaintiff's failure to meet the time requirements of Rule 4(m).[2]  The court finds a
21   discretionary extension through August 31, 2010 is warranted for the following reasons: plaintiff
22   has persistently attempted to serve defendants by sending them requests for waiver of service, by
23   sending via interoffice mail the summons and complaint, and by retaining Gotcha Subpoena
24   Services to effect service; defendants received actual notice of the instant lawsuit when they
25   received plaintiff's requests for waiver of service, or at the latest on June 5, 2010, when they
26   received a copy of the summons and complaint via interoffice mail; defendants have not shown

---

[2]The court expresses no opinion at this time whether the substituted services accomplished in August 2010 are valid.

Order Addressing Pending Motions
P:\PRO-SE\SJ.Rmw\CR.09\OHaire508srvice.wpd        3

1  that they will be meaningfully prejudiced by such an extension and plaintiff may face time bars
2  should the action be dismissed and plaintiff be required to refile.
3        Based on the above, the court DENIES defendants' motion to dismiss and GRANTS
4  plaintiff's extension request to the extent that plaintiff's claim against a defendant will not be
5  dismissed at this time pursuant to Rule 4(m) provided he or she was properly served by August
6  31, 2010.

### B. Motions for Preliminary Injunction

8        Plaintiff requests both a preliminary and permanent injunction to enjoin Napa State
9  Hospital from failing to provide appropriate medical care. Federal Rule of Civil Procedure 65(a)
10 sets forth the procedure for issuance of a preliminary injunction which may be issued only on
11 notice to the defendants. Rule 65(b) does allow the issuance of a temporary restraining order
12 ("TRO") without notice if certain conditions are met. The court does not find sufficient
13 immediate and irreparable loss will occur to plaintiff if his applications for a TRO and
14 preliminary injunction are DENIED. Plaintiff, of course, can make his request for an injunction
15 at trial.

### C. Motion to Quash

17       Defendants move to dismiss all claims for relief under Federal Rule of Civil Procedure
18 12(b)(5) on the grounds of insufficient service of process. Specifically, defendants allege that a
19 process server left packages with an employee at Napa State Hospital, however, the employee
20 was not authorized to accept service on behalf of defendants. Plaintiff responds that his attempts
21 at service have all been made in good faith and that the process server attempted three separate
22 times to serve defendants and when he failed, the process server finally left each summons and
23 complaint with an employee at Napa State Hospital.
24       A court cannot exercise jurisdiction over a defendant without proper service of process.
25 See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987); Direct Mail
26 Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988) ("A
27 federal court does not have jurisdiction over a defendant unless the defendant has been served
28 properly under Fed. R. Civ. P. 4"). Insufficient service of process may result in dismissal under

1  Federal Rule of Civil Procedure 12(b)(5).  When a defendant challenges service, the plaintiff
2  bears the burden of establishing its sufficiency.  See Brockmeyer v. May, 383 F.3d 798, 801 (9th
3  Cir. 2004).  Sufficiency of process is determined by Rule 4.  See Employee Painters' Trust v.
4  Ethan Enters., Inc., 480 F.3d 993, 999 (9th Cir. 2007).  Rule 4 is a flexible rule that should be
5  liberally construed.  United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d
6  1371, 1382 (9th Cir. 1984).

7  "However, neither actual notice nor simply naming the defendant in the complaint will
8  provide personal jurisdiction absent 'substantial compliance with Rule 4.'" Benny v. Pipes, 799
9  F.2d 489, 492 (9th Cir. 1986) (citation omitted).  "So long as a party receives sufficient notice of
10 the complaint, Rule 4 is to be liberally construed to uphold service," assuming substantial
11 compliance with Rule 4.  Travelers Casualty v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009)
12 (internal quotations omitted).  "Sufficient service may be found where there is a good faith effort
13 to comply with Rule 4(e)(2) which has resulted in placement of the summons and complaint
14 within the defendant's immediate proximity and further compliance with Rule 4(e)(2) is
15 prevented only by the defendant's knowing and intentional actions to evade service."  Id. at
16 1136.

17 Federal law does not allow leaving a copy of the summons and complaint at a
18 defendants' place of business unless it is delivered to an authorized agent.  See Fed. R. Civ. P.
19 4(e).  California law allows leaving a copy of the summons and complaint at a defendants' usual
20 place of business with a person "apparently in charge" of the business.  Cal. Code Civ. Proc.
21 § 415.20. No party disputes that the employee with whom the copies of the summons and
22 complaint were left with an office technician who was not an authorized agent, nor someone
23 "apparently in charge" of defendants' place of business.  Moreover, in his motion for an
24 enlargement of time to effect service, plaintiff appears to concede that the method of service was
25 not proper under federal or state law.  Accordingly, the court finds that defendants were not been
26 properly served by the purported substituted service on the office technician and GRANTS the
27 motion to quash that service.  Defendants' motion to quash was filed before the plaintiff's
28 substituted service in August 2010 and, therefore, did not address that service.

1  **D.    Motion for Recovery of Costs to Serve Summons**

2     On July 1, 2010, plaintiff moved for the court to grant him reasonable costs which he
3  incurred in his efforts to serve defendants because he initially sent defendants a request to waive
4  service. Defendants oppose the motion, indicating that under Federal Rule of Civil Procedure
5  54(d)(1), plaintiff cannot receive any reimbursement of costs unless and until he is a prevailing
6  party.

7     In an action brought in federal court, an individual defendant has a duty to avoid
8  unnecessary expenses of serving the summons. Fed. R. Civ. P. 4(d)(1). Consequently, the rules
9  pertaining to service allow the plaintiff to notify a defendant that an action has been commenced
10 and request that the defendant waive service of a summons. Id. Rule 4(d) describes the
11 instructions for requesting a waiver. Fed. R. Civ. P. 4(d)(1)(A)-(G). If the defendant agrees to
12 waive service by returning the waiver to the plaintiff, the date of service is deemed to be the date
13 on which the plaintiff files the waiver form with the court. Fed. R. Civ. P. 4(d)(4). If a
14 defendant fails, without good cause, to sign and return a waiver requested by a plaintiff, the court
15 must impose on the defendant the costs of service. Fed. R. Civ. P. 4(d)(2).[3]

16    Defendants' argument based on Rule 54(d)(1) appears foreclosed. See Estate of Darulis
17 v. Garate, 401 F.3d 1060, 1063-64 (9th Cir. 2005) ("Rule 4(d)(2) provides for an award of such
18 costs regardless of which party can recover other costs pursuant to Rule 54(d)(1)"). However, it
19 may be that the waiver of service provision is inapplicable to state employee defendants sued in
20 their official capacities. See, e.g., Cupe v. Lantz, 470 F. Supp. 2d 136, 138-139 (D. Conn. 2007);
21 Chapman v. New York State Div. For Youth, 227 F.R.D. 175, 179-180 (N.D.N.Y. 2005). Here,
22 since no determination has been made as to whether defendants have now been properly served,
23 plaintiff's motion for recovery of costs under Rule 4(d)(2) is DENIED without prejudice.

---

26    [3] Rule 4(d)(2) provides: "If a defendant located within the United States fails, without
27 good cause, to sign and return a waiver requested by a plaintiff located within the United States,
the court must impose on the defendant: (A) the expenses later incurred in making service; and
28 (B) the reasonable expenses, including attorney's fees, of any motion required to collect those
service expenses."

**CONCLUSION**

1.  Plaintiff's motions for enlargement of time to serve defendants is GRANTED to the extent that any defendant validly served on or before August 31, 2010 will not be dismissed at this time pursuant to Rule 4(m). (Docket Nos. 39, 40 and 62). Defendants' motion to dismiss the action as untimely served is DENIED without prejudice to any defendant's renewal of a motion to dismiss if that defendant was not properly served by August 31, 2010. (Docket No. 41). Plaintiff's application for a TRO and motion for a preliminary injunction are DENIED. (Docket No. 52 and 58). Defendants' motion to quash service purportedly accomplished by substituted service on an office technician is GRANTED. (Docket No. 54). Plaintiff's motion for recovery of costs to serve the summons and complaint is DENIED without prejudice. (Docket No. 53).

2.  It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." Plaintiff must comply with the court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

3.  This order terminates docket nos. 39, 40, 41, 52, 53, 54, 58 and 62.

IT IS SO ORDERED.

DATED:  10/6/10

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge