*E-FILED - 1/27/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PAUL D. O'HAIRE, | ) | No. C 09-2508 RMW (PR) |
| Plaintiff, | ) ) | ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT; DENYING PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME; DISMISSING UNSERVED DEFENDANTS; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION |
| v. | ) ) | |
| NAPA STATE HOSPITAL, et. al., | ) ) | |
| Defendants. | ) ) | |

(Docket Nos. 75, 76)

Plaintiff, proceeding pro se, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983, the Americans With Disabilities Act ("ADA"), and Title VII of the Civil Rights Act, concerning the conditions of his confinement at Napa State Hospital. On October 6, 2010, the court reviewed the procedural history of this case, including a timeline of plaintiff's attempts to serve defendants. Among other things, the court granted one last extension of time to plaintiff to serve defendants and concluded that any defendant who had been properly served before August 31, 2010, would not be subject to dismissal pursuant to Rule 4(m).

Pending before the court are plaintiff's motion for entry of default judgment and motion for enlargement of time to serve unserved defendants. Defendants have filed an opposition to

both motions. Plaintiff has not filed a reply. For the reasons stated below, Plaintiff's motions are DENIED, the unserved defendants are DISMISSED, and the remaining defendants are directed to file a dispositive motion or notice that such a motion is unwarranted.

A.   Plaintiff's Motion for Entry of Default Judgment

Plaintiff filed a motion for entry of default judgment against defendants Napa State Hospital, Wright, Howard, and Weakley. In his motion, he states that on September 16, 2010, copies of proofs of service upon those defendants was filed in this court. Assuming that the date defendants were to respond was twenty days after the court's October 6, 2010 order, defendants' response was due on October 26, 2010. However, those four defendants did not appear in this action until November 4, 2010.

Federal Rule of Civil Procedure 55(b)(2) provides for a court ordered default judgment after an entry of default under Federal Rule of Civil Procedure 55(a). See Penpower Technology Ltd. v. SPC Technology, 627 F. Supp. 2d 1083, 1088 (N.D. Cal. 2008) (emphasis added). Here, plaintiff never sought an entry of default, nor has one been entered by the court clerk. See Fed. R. Civ. P. 55(a). Moreover, defendants answered the complaint before plaintiff moved for entry of a default judgment. Thus, plaintiff failed to demonstrate any prejudice from the state officials delay in answering his complaint. See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004); see also Lau Ah Yew v. Dulles, 236 F.2d 415, 416 (9th Cir. 1956) (per curiam) (upholding denial of motion for entry of default judgment where answer was not timely). Accordingly, the court DENIES plaintiff's motion for entry of a default judgment.

B.   Plaintiff's Motion for an Enlargement of Time

Plaintiff was initially directed to file proofs of service that he had served all defendants by October 5, 2009 -- over one year ago. Plaintiff received numerous extensions of time to comply. On October 6, 2010, the court exercised its discretion and granted plaintiff one last extension of time to properly serve defendants, and concluded that all defendants properly served by August 31, 2010 would be timely served.

1  Now, plaintiff moves for another extension of time to locate and serve defendants
2  Heinricher, Copple, Zapata, Chow, and Foulk.  The court's discretion to provide extensions
3  under Rule 4(m) is not without limits.  See Efaw v. Williams, 473 F.3d 1038, 1042 (9th Cir.
4  2007).  In cases where a plaintiff has not shown good cause for an extension, in considering
5  whether an extension or dismissal is warranted, the court considers whether a permissive
6  extension of time is warranted under the equities of the case, in addition to other factors
7  including "a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and
8  eventual service."  Id. at 1042 (concluding that district court abused its discretion in denying
9  defendant's motion to dismiss under Rule 4(m) where the length of delay in service was
10 extraordinary).

11  Here, plaintiff makes no effort to show good cause for his failure to effect service.
12 Moreover, a discretionary extension of time to serve the unserved defendants is not warranted
13 under the circumstances.  This court has repeatedly ordered plaintiff to file proofs of service and
14 granted him several extensions of time in which to do so.  There is no indication of when service
15 might actually occur.  The possible prejudice to defendants resulting from the delay is unknown.
16 Similarly, it is unclear whether dismissal at this time would result in a future limitations bar.
17 Thus, under the facts of this case, the court declines to grant another extension.  Accordingly, the
18 court dismisses the complaint without prejudice as to defendants Heinricher, Copple, Zapata,
19 Chow, and Foulk.

## CONCLUSION

21  1.  Plaintiff's motion for entry of a default judgment is DENIED.  Plaintiff's motion
22 for an enlargement of time is DENIED.

23  2.  No later than **ninety (90) days** from the date of this order, defendants shall file a
24 motion for summary judgment or other dispositive motion with respect to the cognizable claim
25 in the complaint.

26      a.  If defendants elect to file a motion to dismiss on the grounds that plaintiff
27 failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
28

Order Denying Plaintiff's Motion for Entry of Default Judgment; Denying Plaintiff's Motion for Enlargement of Time;
Dismissing Unserved Defendants; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.Rmw\CR.09\OHaire508defandext.wpd        3

1 defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315
2 F.3d 1108, 1119-20 (9th Cir. 2003).

         b.     Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.**

    3.     Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **thirty (30) days** from the date defendant's motion is filed.

         a.     In the event defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

         b.     In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

> When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

   4.   Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

   5.   The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

   6.   All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

   7.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

   For plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (questions asking for specific, factual responses) directly to defendants' counsel. See Fed. R. Civ. P. 33-34. The scope of discovery is limited to matters "relevant to the claim or defense of any party . . ." See Fed. R. Civ. P. 26(b)(1). Discovery may be further limited by court order if "(i) the discovery sought is unreasonably

1  cumulative or duplicative, or is obtainable from some other source that is more convenient, less
2  burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by
3  discovery in the action to obtain the information sought; or (iii) the burden or expense of the
4  proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2). <u>In order to comply
5  with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it
6  to his benefit to wait until defendants have filed a dispositive motion which could include some
7  or all of the discovery plaintiff might seek.</u>  In addition, no motion to compel will be considered
8  by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local
9  Rule 37-1 has been satisfied.  Because plaintiff is detained, he is not required to meet and confer
10 with defendants in person.  Rather, if his discovery requests are denied and he intends to seek a
11 motion to compel he must send a letter to defendants to that effect, offering them one last
12 opportunity to provide him with the sought-after information.

13        8.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
14 and all parties informed of any change of address and must comply with the court's orders in a
15 timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
16 pursuant to Federal Rule of Civil Procedure 41(b).

17        IT IS SO ORDERED.
18 DATED:  1/25/11                              *Ronald M. Whyte*
                                                RONALD M. WHYTE
19                                              United States District Judge

Order Denying Plaintiff's Motion for Entry of Default Judgment; Denying Plaintiff's Motion for Enlargement of Time;
Dismissing Unserved Defendants; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.Rmw\CR.09\OHaire508defandext.wpd     6